Feb. 27, }
 1911, }

## OPINION OF THE JUSTICES.

The legislature has power to determine the time when delegates to a constitutional convention shall be chosen, and may provide for their election in the several towns at the annual March meeting and in the cites at special elections to be held on the same date.

On February 13, 1911, the speaker of the house of representatives requested the opinions of the justices of the supreme court upon the question of law propounded in the following resolution, which was adopted by the house of representatives on February 7:

"Resolved, that the house of representatives, being in doubt as to its power under the provisions of the constitution of New Hampshire, hereby directs the speaker of said house to obtain the opinion of the supreme court upon the following important question of law: Has the legislature power under the constitution to provide for the election of delegates to a convention to revise the constitution, at the annual town-meetings, to be holden in the several towns in the state on the second Tuesday of March, in the year 1912, and at special elections to be holden for that purpose upon the same date in the several cities of the state, or to provide for the election of such delegates at any time other than at the meetings at which representatives to the general court are chosen?"

*To the House of Representatives:*

Both questions contained in the resolution, which inquires as to the power of the legislature, under the constitution, to provide for the election of delegates to a convention to revise the constitution, should, in the opinion of the undersigned, the justices of the supreme court, be answered in the affirmative.

The constitution provides for taking "the sense of the qualified voters on the subject of a revision of the constitution" at meetings warned for that purpose, and for a return of the votes upon the question to the general court; "and if it shall appear to the general court by such return that the sense of the people of the state has been taken, and that, in the opinion of the majority of the qualified voters in the state present and voting at said meetings, there is a necessity for a revision of the constitution, it shall be the duty of the general court to call a convention for that purpose." Const.,

*art.* 98 [99]. The imposition of the duty of calling the convention necessarily carries with it the power to do whatever is necessary to perform the duty, which would include the determination of the time when the convention shall be held and the delegates elected. The general court, under this section and the general power of legislation entrusted to it, has entire power in the matter except as such power is limited by some express constitutional provision. The only limitation is, "the delegates to be chosen in the same manner and proportioned as the representatives to the general court." Hence the delegates must be elected by the towns and wards in the same manner that members of the house of representatives are chosen, namely, by the ballots of persons qualified to vote for senators. Const., *arts.* 9, 12 [13], 13 [14], 98 [99]. There is no constitutional provision prescribing the time at which meetings shall be held for the choice of such delegates, or requiring them to be chosen at meetings for the regular biennial elections.

If it has been thought that the words "in the same manner" imply that the choice must be made at the same time that representatives are elected, other provisions of the constitution furnish conclusive evidence to the contrary. Representatives and councilors are required to be elected biennially in November, but vacancies occurring in either office are to be filled "in the same manner." Const., *arts.* 11 [12], 15 [16], 59 [60]. Necessarily, elections to fill vacancies in offices with a two-years term must be held at other times than the regular biennial elections; but those who wrote the constitution did not think this fact would prevent the election being made in the same manner. The clause in question was part of the constitution when adopted in 1783. Perpetual Laws (1789), *p.* 30. The act calling the convention of 1791 provided for the election of delegates at special meetings of the towns on the second Monday of August, 1791. Act of June 16, 1791; 6 Ms. Laws 415. The act calling the convention of 1850 directed that meetings for the election of delegates thereto should be held on the second Tuesday of October, 1850. Laws 1850, *c.* 959. The delegates to the convention of 1876 were by the direction of the legislature chosen at meetings held in November 1876, for the choice of presidential electors. Laws 1876, *c.* 30. Members of the house of representatives were regularly chosen at the annual March elections during all this period. Const., *art.* 12; G. S., *p.* 21.

We are unable to find any ground upon which to base a doubt of the constitutional soundness of the construction placed by the

legislature upon this clause in 1791, seven years after the constitution went into effect, which was followed in 1850 and 1876, and are of the opinion that the precedent thereby established may be safely followed, although delegates to the conventions of 1889 and 1902, doubtless as a matter of convenience, were chosen at the biennial elections of 1888 and 1902.    Laws 1887, *c.* 107, *s.* 1; Laws 1901, *c.* 85.

FRANK N. PARSONS.
REUBEN E. WALKER.
GEORGE H. BINGHAM.
JOHN E. YOUNG.
ROBERT J. PEASLEE.

February 27, 1911.